IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Civil Action No. 3:08-cv-00610

| | |
|---|---|
| American General Life Insurance Company,<br>        Plaintiff,<br><br>        Vs.<br><br>Phyllis W. Long, in her capacity as<br>Administratrix of the Estate of Renate E.<br>Chronis and Phyllis W. Long, in her capacity<br>As Administratrix of the Estate of<br>John L. Chronis;<br>        Defendants. | **CONSENT ORDER FOR<br>INTERPLEADER** |

BEFORE THE COURT is the joint request of the parties, pursuant to Rule 22 of the Federal Rules of Civil Procedure, to allow proceeds of an insurance policy to be paid to the agreed-upon beneficiary and to discharge the Plaintiff, American General Life Insurance Company (hereinafter "American General"), from further liability.

THE RECORD REFLECTS that on February 6, 2002, the Old Line Life Insurance Company issued a life insurance policy with a face value of $250,000 to John L. Chronis (the "Insurance Policy") and designating his wife, Renate E. Chronis, as the primary beneficiary. Mr. Chronis designated his estate as the contingent beneficiary. Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's rules on Electronic Filing, American General includes only the last four digits of the policy number, which are 2011. On or about March 31, 2003, The Old Line Life Insurance Company merged into Plaintiff American General, and American General assumed all liability for the Insurance Policy at issue.

THE RECORD FURTHER REFLECTS that at the time the Insurance Policy was applied for, issued, and delivered, the insured was a resident of Indianapolis, Indiana. At some point

after the Insurance Policy was issued and delivered and prior to August 2008, the insured and his wife relocated to Charlotte, North Carolina. On or about August 9, 2008, the insured, John L. Chronis, shot and killed his wife, Renate E. Chronis at their home in Charlotte, North Carolina. Mr. Chronis committed suicide on that same day.

THE RECORD FURTHER REFLECTS that depending on whether Indiana or North Carolina law applied, the Estates of both John L. Chronis and Renate E. Chronis would have legitimate claim to the Insurance Policy benefits. Based on the potential conflicting claims of both Estates, American General subsequently filed this action on December 29, 2008 to deposit with the Clerk of Court the proceeds of the subject life Insurance Policy.

THE COURT HEREBY FINDS that it has subject matter jurisdiction over this action and personal jurisdiction over the parties. This Court further finds that although both Defendants can claim an interest in the same proceeds of the Insurance Policy, it would be appropriate to allow such proceeds to be paid to Defendant Phyllis W. Long in her capacity as Administratrix of the Estate of Renate E. Chronis (hereinafter, "Phyllis Long") as hereby consented to and agreed by the parties and to discharge American General of all liability and obligations under the Insurance Policy. The Court further finds that all parties with a potential interest in the insurance proceeds are now properly before this Court.

NOW, THEREFORE, in furtherance of the requested interpleader and in compliance with Rule 22 of the Federal Rules of Civil Procedure, the Court hereby orders the following:

1. Defendant Phyllis Long is hereby awarded TWO HUNDRED FORTY-NINE THOUSAND EIGHT HUNDRED FORTY EIGHT AND 33/100S DOLLARS, ($249,848.33), the full amount of benefits available under the Insurance Policy, plus prejudgment interest on that sum as provided for by the terms of the Policy and North Carolina law. Pursuant to N.C.G.S. §

58-58-110, prejudgment interest accrues from the date of death, August 9, 2008, to the date of payment and is calculated at a rate of three percent (3.0%).

2. American General is hereby awarded from the policy proceeds its attorneys' fees and costs in the amount of FIVE THOUSAND EIGHT HUNDRED AND 00/100S DOLLARS ($5,800.00) incurred in commencing and litigating this interpleader action.

3. American General shall deduct its attorneys' fees and costs from the benefits and prejudgment interest payable as set forth above and remit payment to Defendant Phyllis Long, in her capacity as Administratrix of the Estate of Renate E. Chronis, within thirty days of entry of this Order.

4. Each of the Defendants is enjoined and restrained from instituting any action against American General for recovery of any amount of proceeds under the life Insurance Policy issued to John L. Chronis upon Phyllis Long's receipt of the Insurance Policy proceeds from American General.

5. American General is discharged from any further liability or obligation under the subject policy covering the life of John L. Chronis, including any and all riders thereto, upon Phyllis Long's receipt of the Insurance Policy proceeds from American General.

6. American General shall dismiss this action, with prejudice, upon Phyllis Long's receipt of the Insurance Policy proceeds from American General.

**IT IS SO ORDERED.**    Signed: March 10, 2009

Frank D. Whitney
United States District Judge

*PLAINTIFF CONSENTS:*                              *DEFENDANTS CONSENT:*

NELSON MULLINS RILEY                               KOEHLER & CORDES, PLLC
& SCARBOROUGH, LLP

By: _____                         By: _____
    Christina R. Hunoval                              David C. Cordes
    N.C. State Bar No.: 37194                         N.C. State Bar No.: 18959
    100 North Tryon Street, Suite 4200                4521 Sharon Road, Suite 320
    Charlotte, NC 28202                               Charlotte, NC 28211
    Telephone: (704) 417-3027                         Telephone: (704) 367-1477
    Fax: (704) 417-3225                               Fax: (704) 367-1488
    Attorney for Plaintiff                            Attorney for Defendants